J-S40001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY JOHNSON | |
| Appellant | No. 1897 EDA 2015 |

Appeal from the PCRA Order June 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004204-2007

BEFORE:  BOWES, MUNDY AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                          **FILED JUNE 21, 2016**

Anthony Johnson appeals from the June 9, 2015 order denying him PCRA relief.  We affirm.

A jury convicted Appellant of attempted murder, aggravated assault, conspiracy to commit murder, carrying an unlicensed firearm, and possession of an instrument of crime ("PIC") in connection with the November 11, 2006 shooting of Richard Coleman in Philadelphia.  Mr. Coleman testified that, on the night of the shooting, he was in a nightclub speaking with an acquaintance identified only as Ben.  Ben asked Mr. Coleman for a ride to a nearby gas station to obtain marijuana.  Mr. Coleman, who had recently fought with a drug dealer and felt he might be targeted by that man, agreed since he would not be alone.

After Ben and the victim left the club, Appellant joined them. Ben represented that Appellant was a friend. Appellant, Ben, and Mr. Coleman entered the victim's vehicle; Appellant was in the back seat. The three men drove to the gas station and returned to the nightclub. At that time, Appellant placed a gun to Mr. Coleman's head and said, "[Y]ou know what it is, N___, [it's] time to die." N.T. Trial, 9/11/08, at 126. Appellant proceeded to shoot Mr. Coleman in the back of the head while Ben fled. Mr. Coleman pretended that he was dead, and, after Appellant left, the victim called his wife and said that Ben had set him up to be killed. Mr. Coleman had an ample opportunity to view Appellant and positively identified him as the shooter at trial. A cell phone belonging to Appellant was recovered in the rear seat of the car.

On June 5, 2009, Appellant was sentenced to an aggregate term of imprisonment of eighteen to thirty seven years. On direct appeal, Appellant raised two issues: improper evidence was admitted at his trial and his convictions were against the weight of the evidence. We addressed both issues on the merits and rejected them. *Commonwealth v. Johnson*, 11 A.3d 1022 (Pa.Super. 2010) (unpublished memorandum). Our Supreme Court denied further review. *Commonwealth v. Johnson*, 23 A.3d 540 (Pa. 2011).

Appellant filed a *pro se* PCRA petition considered timely under the prisoner mailbox rule. Counsel was appointed, and filed an amended

- 2 -

petition. After issuing a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing, the court dismissed it on June 9, 2015. This appeal followed. Appellant raises these issues on appeal:

> I. Did the trial court err in not reinstating the defendant's direct appeal rights from the judgment of sentence due to ineffective assistance of appellate defense counsel who was ineffective for not raising the disparity of sentence on appeal of the judgment of sentence?
>
> II. Is the defendant is [sic] entitled to a new sentence hearing because the sentence imposed on the attempted murder offense of 16 to 32 and the conspiracy offense of 15 to 30 years in prison years were illegal because they were above the lawful maximum punishment of 20 years in prison because the jury did not find that the defendant caused serious bodily injury? Is the maximum allowable sentence for attempted murder and conspiracy in this case 20 years not 40 years?

Appellant's brief at 2.

Initially, we note that our "standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa.Super. 2015). Appellant's first position is that he is entitled to obtain reinstatement of his appellate rights *nunc pro tunc*. However, Appellant is not entitled to a reinstated direct appeal because he already had the benefit of a direct appeal, wherein his issues were addressed on the merits. *Commonwealth v. Pulanco*, 954 A.2d 639 (Pa.Super. 2008). In *Pulanco*, this Court expressly observed that, where a defendant has had appellate review of

issues in a direct appeal following entry of the judgment of sentence, even if some issues were held waived by this Court, the defendant does not have the right to reinstatement of his appellate rights *nunc pro tunc*. **See Commonwealth v. Halley**, 870 A.2d 795, 801 (Pa. 2005) ("[A] PCRA petitioner is entitled to an appeal *nunc pro tunc* where prior counsel's actions, in effect, entirely denied his right to a direct appeal, as opposed to a PCRA petitioner whose prior counsel's ineffectiveness may have waived one or more, but not all, issues on direct appeal."). Thus, Appellant's first position is meritless.

Appellant also avers that appellate counsel was ineffective for failing to raise a plethora of challenges to the discretionary aspects of his sentence, including that the sentence was unjust, improper, manifestly unreasonable, irrational, imposed without consideration of mitigating factors, harsh, outside the guidelines, and excessive due to its consecutive nature and that sentencing court had no basis upon which to conclude Appellant was not remorseful. None of these averments was set forth in Appellant's Pa.R.A.P. 1925(b) statement, and they are waived. **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (citation omitted) ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."); **Commonwealth v. Phillips**, 2016 PA Super 103 (filed May 19, 2016); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement . . . are waived.").

- 4 -

Appellant did raise one sentencing claim in that document. Defendant's 1925(b) Statement, 7/9/15 ("Appellant defense counsel was ineffective in failing to raise the disparity of sentence issue.") Nevertheless, that contention is completely undeveloped in Appellant's brief. Appellant fails to set forth whose sentence was disparate to his, that person's sentence, and the person's degree of culpability as compared to that of Appellant, who was the person who shot the victim in the back of the head. Hence, this position is likewise waived. ***Commonwealth v. Spotz***, 18 A.3d 244, 304 (Pa. 2011) (undeveloped positions presenting unreviewable arguments are waived).

Appellant's final position is that his sentence on the attempted murder and conspiracy charges exceeded the lawful maximum. Appellant was sentenced to: 1) sixteen to thirty-two years on attempted murder; 2) a concurrent term of fifteen to thirty years on conspiracy; 3) no penalty on aggravated assault, as it merged with murder; and 4) two to five years imprisonment on the PIC and the firearms offenses to run concurrently with each other but consecutively to the sentence on attempted murder. N.T. Sentencing, 6/4/09, at 51.

On appeal, Appellant maintains that the maximums on attempted murder and conspiracy were illegal because the jury did not find him guilty of attempted murder resulting in serious bodily injury. The law provides that someone who has been convicted of attempted murder "where serious bodily

injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years." 18 Pa.C.S. § 1102(c). However: "Where serious bodily injury does not result" from the attempted murder, "the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years."

Appellant suggests that he was not convicted of attempted murder with serious bodily injury, rendering his sentences on attempted murder and conspiracy above the legal maximum of twenty years. Appellant suggests that the jury did not make a finding that serious bodily injury resulted from his attempted murder, as required by **Commonwealth v. Johnson**, 910 A.2d 60 (Pa.Super 2006), to raise the maximum permissible sentences for attempted murder and conspiracy to forty years. Appellant is mistaken. The jury was asked to determine whether Appellant was guilty of attempted murder with serious bodily injury or with bodily injury, and the jury found him guilty of attempted murder with serious bodily injury. N.T. Trial, 9/15/08, at 86. Conspiracy is graded "as the most serious offense which is attempted or solicited or is an object of the conspiracy." 18 Pa.C.S. § 905(a); **Commonwealth v. Hoke**, 962 A.2d 664, 668 (Pa. 2009) (emphasis added) ("inchoate crimes [such as conspiracy] have the same **maximum** sentences as the underlying crimes to which they relate"). Thus, Appellant's attempted murder and conspiracy offenses were legal.

Appellant's Motion to Strike the Commonwealth's Brief is denied.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/21/2016</u>